In re Dwight W. **BENEFIELD**, Debtor.

**Bankruptcy No. HE 88–166M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

July 13, 1989.

Daniel K. Schieffler, West Helena, Ark., Trustee.

James C. Luker, Wynne, Ark., for Davis and Burroughs.

Baird Kinney, Forrest City, Ark., for debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On November 26, 1986, Dwight W. Benefield filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. Hon. Daniel K. Schieffler was appointed trustee. On May 11, 1987, the trustee filed a no asset report and, on the same day, the debtor was granted a discharge. On June 5, 1987, the case was closed.

On April 25, 1988, the estate was reopened on motion of the trustee. The trustee had discovered that at the time the petition was filed the debtor was a beneficiary under his deceased mother's will. On August 15, 1988, pursuant to 11 U.S.C. § 363, the trustee served notice on creditors and parties in interest of his intention to sell free and clear of liens the bankruptcy estate's interest in real property the debtor inherited. On August 29, 1988,

Steve Davis (Davis) filed a response to the trustee's notice of sale, alleging a leasehold interest in the subject property and requesting the court to fix the value of his interest. Also on August 29, 1988, Viola Benefield Burroughs (Burroughs), the debtor's former wife, filed a response to the trustee's notice of sale and alleged a lien in the debtor's property for unpaid child support payments pursuant to Ark.Code Ann. § 9–14–230 (1987). Both Davis and Burroughs have filed proofs of claims in the case.

On August 24, 1988, the trustee sold the debtor's interest free and clear of the claims of Davis and Burroughs for a net sum of $48,787.50. By agreement, the claims of Davis and Burroughs attached to the proceeds subject to this Court's determination of the rights of the parties.[1]

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K). The Court has jurisdiction to enter a final judgment in the case.

On November 26, 1986, the day the debtor's petition in bankruptcy was filed, the debtor's mother was deceased, her will had been admitted to probate and her estate was being administered in the Probate Court of Cross County, Arkansas. The principal asset of the probate estate was a tract of farmland in Cross County containing approximately 160 acres and valued at $100,000.00. As far as the real property was concerned, the debtor and his sister were the sole beneficiaries under the will, and under these facts, title to the real property in question was vested in them on the date the bankruptcy petition was filed, subject to any claims allowed by the probate court. *See Farmers Cooperative Ass'n, Inc. v. Webb,* 249 Ark. 277, 287, 459 S.W.2d 815, 821 (1970); *Cranna v. Long,* 225 Ark. 153, 155, 279 S.W.2d 828, 830 (1955). When the petition was filed the debtor's interest in the property became property of the estate under the control of the trustee, notwithstanding the fact that

---

1. The parties agreed to a determination of the claimants' rights in this manner even though the trustee did not file a formal objection to either claim and neither claimant commenced an adversary proceeding to determine the extent of the liens. *See* Bankruptcy Rules 3007, 7001.

the schedules, prepared by the debtor, reflected that the debtor owned no interest in any real property. *See* 11 U.S.C. § 541(a)(1).

 11 U.S.C. § 554 provides:

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under section (a) or (b) of this section and that is not administered in the case remains property of the estate.

Here the property in question was never scheduled and, therefore, it remained property of the estate after the case was closed. As stated in 4 *Collier on Bankruptcy* ¶ 554.03 (15th ed. 1989):

Abandonment presupposes knowledge. There can, as a rule, therefore, be no abandonment by mere operation of law of property that was not listed in the debtor's schedules or otherwise disclosed to the creditors, a fact recognized by section 554(d).... Unless the court orders otherwise, formally unabandoned and unadministered property that was not scheduled thus "remains property of the estate."

*Id.* at 554–11 to –12 (footnote omitted). *See Behrens v. Woodhaven Ass'n,* 87 B.R. 971, 973–74 n. 1 (Bankr.N.D.Ill.1988); *In re Auto West, Inc.,* 43 B.R. 761, 764 (D.Utah 1984); *Tavormina v. Harris (In re Harris),* 32 B.R. 125, 127 (Bankr.S.D.Fla.1983). *See also Archer–Daniels–Midland Co. v. Paull,* 188 F.Supp. 277, 288 (W.D.Ark. 1960), *rev'd on other grounds,* 293 F.2d 389 (8th Cir.1961).

### I

### *Claim of Steve Davis*

On March 5, 1987, Davis executed a farm lease with the debtor, the debtor's sister, and Michael Easley, executor of the Estate of Opal M. Benefield, deceased. The lease was for a term of three years ending December 31, 1989. Davis was obligated under the lease to pay the sum of $6,000.00 per year as rent. Davis took possession of the leased premises on March 5, 1987, and farmed it for the 1987 crop year. In early 1988, the debtor asked Davis if he would surrender his leasehold interest for a cash payment of $1,000.00 because the debtor wanted to sell the property. On March 5, 1988, the debtor and his sister entered into a written agreement with Davis whereby Davis agreed to give up his leasehold interest for the payment by the debtor of $1,000.00. It was agreed that payment would be made at the time the debtor and his sister closed the sale of the property. Davis was never paid the $1,000.00 by the debtor because the trustee intervened on behalf of the estate.

Davis now asserts that he is entitled to a claim against the estate for damages for breach of the lease agreement and he claims he would have made a net profit in 1988 from farming the tract in the sum of $26,546.68. Davis did not pay the $6,000.00 rent due for 1988, but this sum was deducted from his estimated profit in calculating his damages.

11 U.S.C. § 362(a)(3) provides that the filing of a petition for relief under the Bankruptcy Code operates as a stay against "any act to obtain possession of property of the estate ... or to exercise control over property of the estate." 11 U.S.C. § 362(c)(1) provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate."

 Therefore, at the time the debtor granted a leasehold interest in the estate's undivided one-half interest in the farmland, the debtor acted in violation of the automatic stay and illegally transferred property of the estate. Only the trustee, after notice and a hearing, could have lawfully granted a leasehold interest to Davis. *See* 11 U.S.C. § 363(b)(1).

Under 11 U.S.C. § 549, the trustee is authorized to avoid an unauthorized transfer of property of the estate. This section provides in part:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

. . . .

(2)(B) that is not authorized under this title or by the court.

Here, Davis did not give any present value for his right to farm the land in 1988, and therefore, he is not protected under 11 U.S.C. § 549(c)[2] and no other basis exists to assert a claim against the estate. His claim, if he has one, is against those who leased the land to him without authority.

## II

### Claim of Viola Benefield Burroughs

██ Burroughs is the debtor's former wife. Pursuant to a divorce decree entered by the Chancery Court of Cross County, Arkansas, on September 23, 1976, the debtor was obligated to pay child support to Burroughs in the sum of $25.00 per week. The parties stipulated that the total child support arrearage on the day of the hearing was $7,635.00. The record does not reflect what portion of this sum accrued postpetition.

Ark.Code Ann. § 9–14–230 (1987) provides in part that:

(a)(1) Any decree, judgment, or order which contains a provision for payment of money for the support and care of any child or children through the registry of the court shall become a lien upon all real property not otherwise exempt by the Constitution of this state, owned by the noncustodial parent or which the non-custodial parent may afterwards, or before the lien expires, acquire.

(2) The decree, judgment, or order shall become a lien as each support installment becomes due and remains unpaid.

(3) The decree, judgment, or order shall not become a lien for any sum or sums prior to the date they severally become due or payable.

(b)(1) The decree, judgment, or order shall be recorded in the judgment records of the county of the chancery court issuing the order in the same manner as other judgments as provided by law.

To the extent that the child support arrearage accrued prepetition, Burroughs has a valid perfected lien under Arkansas law in the debtor's undivided interest in the property in question. She does not have a lien for any unpaid child support which accrued postpetition for two reasons. First, the postpetition child support debt is not an allowable claim in a chapter 7 case because it was not matured on the day the petition was filed.[3] 11 U.S.C. § 502(b)(5); *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir.1986). Second, as previously discussed, the property in question has remained property of the estate since the case was filed. 11 U.S.C. § 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of the estate." Any act against property of the estate committed in violation of the automatic stay is simply void. *Kalb v. Feuerstein*, 308 U.S. 433, 438–39, 60 S.Ct. 343, 345–46, 84 L.Ed. 370 (1940); *Schewe v. Fairview Estates (In re Schewe)*, 94 B.R. 938, 946 (Bankr.W.D. Mich.1989). Therefore, no lien could lawfully attach to the property because of the automatic stay.

---

**2.** 11 U.S.C. § 549(c) provides:

(c) The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

**3.** Burroughs' request for attorney's fees incurred postpetition is also disallowed as an unmatured debt. 11 U.S.C. § 502(b)(5).

Therefore, Burroughs is determined to hold a secured claim in the proceeds of the sale of the estate's interest in the property in question for any child support arrearage which had accrued on or before November 26, 1986. The balance of the proceeds from the sale of the property is determined to be property of the estate free and clear of any other claim.

IT IS SO ORDERED.