**In the Matter of Cynthia Jean YETTER, Debtor.**

**Bankruptcy No. 89–1965–D H.**

United States Bankruptcy Court,
S.D. Iowa.

March 22, 1990.

Walter Conlon, Muscatine, Iowa, for debtor.

David R. LaFontaine, Muscatine, Iowa, for Community Nat. Bank.

Burton H. Fagan, Bettendorf, Iowa, Trustee.

### FINDINGS AND CONCLUSIONS MOTION TO AVOID GARNISHMENT

RUSSELL J. HILL, Bankruptcy Judge.

A telephonic hearing was held on November 2, 1989, on Debtor's Motion to Avoid Garnishment and creditor Community National Bank of Muscatine's resistance thereto. Walter Conlon appeared on behalf of the Debtor, Cynthia Jean Yetter (hereinafter "Debtor"), David R. LaFontaine appeared on behalf of creditor Community National Bank of Muscatine (hereinafter "Bank"), and Burton H. Fagan appeared as Trustee.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (K). Having reviewed the premises, the court makes the following findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

1. Debtor filed a voluntary Chapter 7 petition on September 7, 1989.

2. Bank is listed as an unsecured creditor on Schedule A–3 in the amount of $1,236.51 with the notation that garnishment was in progress.

3. The Bank obtained a money judgment against Debtor on December 20, 1988, in Small Claims Court, Iowa District Court, Muscatine County.

4. A garnishment was issued on July 31, 1989, as to earnings owed Debtor/Defendant by the garnishee, HON Industries.

5. Debtor's wages were garnished in the following amounts on the following dates:

| | |
|---|---|
| August 6–August 11, 1989 | $ 96.79 |
| August 13–August 18, 1989 | 88.13 |
| August 20–August 25, 1989 | 101.14 |
| August 27–September 1, 1989 | 85.37 |
| September 3–September 8, 1989 | 96.67 |
| | $468.10 |

6. Debtor's employer, HON Industries, mailed these funds to the Muscatine County Sheriff on September 14, 1989.

7. The execution was returned to the Muscatine County Clerk of Court on September 15, 1989.

8. An order condemning the funds was entered on September 29, 1989.

9. Debtor amended her schedules as a part of her motion to avoid garnishment to include the garnished wages as an exempt asset under Iowa Code § 627.6(9)(c).

10. No objection has been filed to Debtor's claim of the wages as exempt property.

### CONCLUSIONS OF LAW

*Preferential Transfer*

■ Debtor asserts alternate grounds for recovery of the garnished wages. She first asserts that the garnishment is a preferential transfer which could have been avoided by the Trustee under 11 U.S.C. § 547. It is therefore avoidable by the Debtor, on failure of the Trustee to avoid, under § 522(h). However, at the time of hearing, counsel for Debtor acknowledged that the objection to this argument lodged by Bank's counsel was correct, in that § 547(c)(7) applies to this case. Section 547(c)(7) states:

The Trustee may not avoid under this section a transfer ... if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or

is affected by such transfer is less than $600.

The Court finds that this exception to the Trustee's avoidance power does apply in this case. Therefore, the garnishment is not avoided as a preferential transfer. Parenthetically, actions to void preferences are properly filed as adversary actions and B.R. 7001 et seq. apply.

*Avoidance of Judicial Lien on Exempt Property*

■ Debtor's alternative argument is that the garnishment amounts to a judicial lien on exempt property which is avoidable under 11 U.S.C. § 522(f).

The funds garnished were Debtor's wages which were not commingled with other funds of Debtor and which have been claimed by the Debtor as exempt under Iowa Code Section 627.6(9)(c). As no objections to this claim of exemption have been filed, the Court finds that they are exempt pursuant to § 522(*l*).

Section 522(f) states:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ...

Therefore, the remaining questions are whether the garnishment can be properly characterized as a judicial lien and whether the Debtor retained an interest in the wages at the time the petition was filed.

The effect of a writ of garnishment is determined by the laws of the state in which the writ issues. *In re Coston*, 65 B.R. 224 (Bkrtcy.D.N.M.1986).

The Bankruptcy Code defines a lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation". 11 U.S.C. § 101(33). The term "lien", as it is ordinarily used in Iowa case law, is "a charge upon property for payment of a particular obligation that is independent of the lien". *Armour–Dial, Inc. v. Lodge & Shipley Co.*, 334 N.W.2d

142, 145 (Iowa 1983). A lien thus serves as security for the debt or obligation of the property owner. *F.L.B. of Omaha v. Boese,* 373 N.W.2d 118, 120 (Iowa 1985). These definitions are consistent.

It must be noted that there are Iowa cases which state that garnishment does not create a lien. *See, e.g., Pierre v. Pierre,* 210 Iowa 1304, 232 N.W. 633 (1930). The Court finds no case since 1933 stating this proposition. In recent cases, the Iowa courts have referred to a "garnishment lien", *Briley v. Madrid Implement Co.,* 255 Iowa 388, 122 N.W.2d 824 (1963) and have referred to garnishment as "a species of attachment", *Hubbard . v. Des Moines Ind. Community Schools,* 323 N.W.2d 238 (Iowa 1982). Attachment clearly creates a lien under Iowa law. Iowa Code Sec. 639.-38; Iowa Code Sec. 554.9301(3) ("A 'lien creditor' means a creditor who has acquired a lien on the property involved by attachment ...."); and *see, e.g., Dioptron Co. v. Dimmitt,* 245 Iowa 450, 62 N.W.2d 749 (1954). It appears to this Court that the Iowa state courts do now recognize garnishment as creating a lien, though they do not overrule the earlier case law. This Court finds that garnishment does create a lien under the Bankruptcy Code definition of that term, and that the lien created is a judicial lien.

The Bankruptcy Code defines a "judicial lien" as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding". 11 U.S.C. § 101(32). Under Iowa law, in order to constitute a valid levy on personalty, the officers must do something which will amount to a change of possession, or which is equivalent to a claim of dominion over the property, coupled with the power to enforce it. *Whitaker v. Tiedemann,* 200 Iowa 901, 205 N.W. 468, 469 (1925). The difference between "levying" and "garnishing" is that in levy, the sheriff takes actual or constructive possession of property, whereas in garnishment, the property is left in the garnishee's possession. *Bren-*

*ton Bros. v. Dorr,* 213 Iowa 718, 239 N.W. 808, 813 (1931).

Under Iowa garnishment law, a garnishee may be exonerated from further responsibility by paying over to the sheriff the amount owing by the garnishee to the defendant, and placing at the sheriff's disposal the property of the defendant, or so much of said debts and property as is equal to the value of the property to be attached. Iowa Code § 642.10. This amounts to the sheriff taking actual possession of the property, thereby effecting a levy. Therefore, under Iowa law, funds which have been garnished and turned over to the sheriff come within the definition of "judicial lien" in the Bankruptcy Code. In addition, other courts have held that, for bankruptcy purposes, a lien acquired as a result of attachment by a creditor is a judicial lien as defined at 11 U.S.C. § 101(32). *In re Coston,* 65 B.R. 224 (Bkrtcy.D.N.M.1986).

Delivery of garnished funds to the sheriff does not automatically entitle the garnishment plaintiff to the money, however; it is still necessary for the garnishment plaintiff to obtain judgment against the garnishee for the debt. *Hubbard,* 323 N.W.2d 238, 240.

Iowa's garnishment statute requires that the principal defendant be given ten day's notice of garnishment proceedings. Iowa Code § 642.14. It further provides that the defendant in the main action may, by a suitable pleading, set up facts to show that the debt or the property with which it is sought to charge the garnishee is exempt or for any other reason not liable for the claim. Iowa Code § 642.15.

Therefore, this Court finds that the Debtor continues to have some interest in her wages until such time as the order condemning funds is entered. Prior to the entry of this order, the judgment Debtor may set up facts to show that the property is not liable for plaintiff's claim or exempt from execution.

The Court finds that all elements of § 522(f) are satisfied. The Debtor retained some interest in the garnished funds at the time the bankruptcy petition was filed, the funds are exempt property, and the funds

are subject to a judicial lien. Therefore, the motion to avoid lien is proper.

*Violations of the Automatic Stay*

Several actions were taken in the garnishment proceeding after the filing of the petition in this matter, including entry of the order of condemnation of the funds and transfer of the funds to the Bank. These actions were clearly in violation of 11 U.S.C. § 362(a). The parties stated at the time of hearing that they were willing to treat the funds as though these post-petition acts had not taken place. The Court will order accordingly.

### ORDER

WHEREFORE, based on the foregoing analysis, the Court concludes that the garnishment amounted to a judicial lien at the time the petition was filed; the property subject to the garnishment is exempt property of the Debtor; and the lien is properly avoided pursuant to 11 U.S.C. § 522(f).

IT IS ACCORDINGLY ORDERED that the judicial lien is avoided and the funds now in the hands of the Bank as a result of the garnishment proceeding be turned over to the Debtor.