**In the Matter of AZTEC CONCRETE, INC., Debtor.**

**Anita L. SHODEEN, Trustee in Bankruptcy of Aztec Concrete, Inc., Plaintiff,**

v.

**DAVENPORT CEMENT CO., Defendant.**

**Bankruptcy No. 91–152–C H.
Adv. No. 91–91199.**

United States Bankruptcy Court, S.D. Iowa.

Aug. 3, 1992.

See also 136 B.R. 535.

Eldon L. McAfee, Beving, Swanson & Forrest, P.C., Des Moines, Iowa, for plaintiff.

Michael P. Mallaney, Des Moines, Iowa, for defendant.

Anita L. Shodeen, Beving, Swanson & Forrest, P.C., Des Moines, Iowa, trustee.

## ORDER RE: TRUSTEE'S PREFERENCE ACTION

RUSSELL J. HILL, Bankruptcy Judge.

On November 18, 1991 a pretrial hearing was held at which the parties agreed this matter could be submitted by stipulation with written briefs. A stipulation of facts, issues, and exhibits was timely filed and after an authorized extension of the time for filing briefs, the briefs were properly filed. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (F). Having reviewed the facts and arguments, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R.Bankr.P. 7052.

## FINDINGS OF FACT

The following facts are adapted from the stipulation of facts filed by the parties.

1. On August 30, 1990 the Davenport Cement Co. (hereinafter Garnishor, Defendant, or Davenport Cement) directed the Sheriff of Polk County to levy under a general execution in the case of *Davenport Cement Co. v. Aztec Concrete, Inc.,* CL # 84–49811, pursuant to Iowa Code § 626.-21.

2. On September 21, 1990 the Sheriff of Polk County, Iowa pursuant to a general execution issued by the Clerk of Court caused to be served on Norwest Bank, N.A. a Notice of Garnishment and Interrogatories.

3. On September 28, 1990 a Notice of Garnishment and Interrogatories was filed in Iowa District Court for Polk County. In that document the garnishee, Norwest Bank, N.A., answered that it was indebted to the Debtor, Aztec Concrete, Inc. in the amount of $43,592.24.

4. Garnishee amended the Notice of Garnishment and Interrogatories on October 1, 1990 and stated that it was indebted to the Debtor in the amount of $37,275.

5. A Notice of Garnishment to the debtor was filed by Davenport Cement Co. on October 19, 1990.

6. The ninetieth day preceding the filing of the petition was October 24, 1990.

7. On October 30, 1990 an Order Condemning Funds was entered in Iowa District Court for Polk County.

8. On December 11, 1990 the Clerk of Court for Iowa District Court—Polk County executed a check for $37,275 to Michael P. Mallaney as attorney for Davenport Cement.

9. On January 22, 1991 an involuntary Chapter 7 petition was filed in this court against Aztec Concrete, Inc., and thereafter an order for relief was entered on May 1, 1991.

10. The debtor was insolvent on or within 90 days before January 22, 1991, the date of the filing of the involuntary petition under Chapter 7 of the Bankruptcy Code.

## DISCUSSION

The Bankruptcy Code treatment of voidable preferences is found at 11 U.S.C. § 547(b), which provides:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The general issue at hand is whether Davenport Cement's garnishment is a voidable transfer pursuant to 11 U.S.C. § 547(b). More precisely, the question is whether the "transfer" occurred within the ninety-day preference period. "Transfer" is defined at 11 U.S.C. § 101(58):

"transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption[.]

11 U.S.C. § 547(e)(2)(A) provides:

For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

.    .    .    .    .

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; ....

The transfer is perfected "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B). Determining when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of a transferee, therefore, is the key to whether this garnishment transfer is avoidable.

Determining when a creditor on a simple contract cannot acquire a judicial lien superior to the interest of a transferee is an issue that depends entirely on state law. *Bleau v. First of America Bank–Central (In re Arnold)*, 132 B.R. 13, 15 (Bankr. E.D.Mich.1991); *First Potter County Bank v. Hogg (In re Hogg)*, 35 B.R. 292, 295 (Bankr.D.S.D.1983). The parties agree that under Iowa law garnishment creates a judicial lien (Trustee's brief at 3 and Defendant's brief at 3, both citing *In re Yetter*, 112 B.R. 301, 302 (Bankr.S.D.Iowa 1990)). The Trustee argues, however, that a garnishing creditor's lien is not *perfected* until entry of an order condemning funds. Therefore, concludes the Trustee, a transfer for purposes of § 547(b) does not occur under Iowa law until an order condemning funds is entered and the transfer herein may be recovered by the Trustee (Trustee's Brief at 4) because the condemnation order came within ninety days of the bankruptcy petition.

In Iowa, garnishment is considered a species of execution. *See* Iowa Code § 626.-26–.28 (1991) (Executions). From the time service of notice of the garnishment is served on the garnishee, a lien is created against the property of the judgment debtor. Iowa Code § 630.18 (1991) ("In the case contemplated in section[ ] 630.16 ..., a lien shall be created on the property of the judgment debtor, or the debtor's interest therein ... from the time of the service of notice and copy of the petition on the defendant holding or controlling such property or any interest therein."); *In re Yetter*, 112 B.R. 301, 302 (Bankr.S.D.Iowa 1990). No Iowa statutory law indicates when this execution lien is "perfected," nor whether a creditor on a simple contract could acquire a judicial lien that is superior to the interest of a garnishing creditor who has served a notice of garnishment on a garnishee. Iowa Code § 642.13 does appear to support Davenport Concrete's position by providing:

If [the garnishee is indebted to or holds property of defendant], at the time of being served with the notice of garnishment, the garnishee will be liable to the plaintiff ... to the full amount thereof, or to the amount of such indebtedness or property held....

Thus, it would appear, and many other jurisdictions have so concluded, that a postjudgment garnishing creditor's lien dates from the service of the garnishment notice. *See, e.g., Drewes v. Minnesota Elevator, Inc. (In re Da–Sota Elevator)*, 135 B.R. 873, 875 (Bankr.D.N.D.1991); *Bleau v. First of America Bank–Central (In re Arnold)*, 132 B.R. 13, 15 (Bankr.E.D.Mich. 1991); *Moratzka v. Bill Simek Distrib., Inc. (In re Brinker)*, 12 B.R. 936, 938

(Bankr.D.Minn.1981); *Woodman v. L.A. Olson Co., Inc. (In re Woodman)*, 8 B.R. 686, 687 (Bankr.W.D.Wisc.1981). *But see First Potter County Bank v. Hogg (In re Hogg)*, 35 B.R. 292, 296–97 (Bankr.D.S.D. 1983) (must levy and obtain custody to defeat competing contract creditors). By its lien, these courts would hold, the garnishing creditor would have rights superior to those that could be acquired by a creditor with a subsequent judicial lien based on a simple contract. Therefore, the lien acquired by garnishment would be perfected according to 11 U.S.C. § 547(e)(1)(B) at the time of service of the notice of garnishment. While cases from other jurisdictions are instructive, Iowa law governs this issue.

Could a creditor on a simple contract have acquired a judicial lien superior to that of Davenport Concrete's within the ninety-day preference period? Iowa case law is not clear on how the priorities of creditors, who are at various points of the collection process, are to be ordered. A conceptual framework for priorities between creditors executing on the same real property does not appear to have fully developed, *see* Dennis M. Ryan, Comment, *The Problem of Judgment Lien Priority & After–Acquired Property in Iowa:* Kisterson v. Tate, 69 Iowa L.Rev. 825, 826–31 (1984), and the Iowa courts have never addressed the same issue with regard to personal property.

*Conklin v. Iowa Dist. Ct.*, 482 N.W.2d 444 (Iowa 1992) is the most recent Iowa case addressing garnishment under the Iowa Code but it does not provide a clear answer to the issue at hand. *Conklin* explains that money or property delivered by a garnishee to the sheriff under Iowa Code § 642.13 (1989) shall thereafter be treated as if levied upon under the writ of attachment. *Conklin*, 482 N.W.2d at 446–47. Iowa Code Chapter 639 governing attachment provides as follows:

> The plaintiff shall, from the time such property is taken possession of by the officer, have a lien on the interest of the defendant therein, and may, either before or after the plaintiff obtains judgment in the action in which the attach-

ment issued, commence action by equitable proceedings to ascertain the nature and extent of such interest and to enforce the lien.

Iowa Code § 639.38 (1989). Applying this statutory law, the Iowa Supreme Court in *Conklin* concluded that under Iowa law, a garnishing creditor acquires a lien against funds held by the garnishee when the sheriff takes possession of the funds. *See Conklin*, 482 N.W.2d at 447.

The Trustee argues that the garnishment lien was not perfected because a hypothetical creditor on a simple contract could have obtained an interest superior to Davenport's if the debtor or garnishee had established facts to show the debtor or garnishee were not liable to the garnishor's claim. While Bankruptcy Code § 544 gives the trustee strong-arm powers as a *hypothetical* creditor, § 547 does not. Section 544 gives a trustee the power to avoid transfers voidable by a creditor that extends credit and that obtains a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, *"whether or not such a creditor exists."* 11 U.S.C. § 544(a)(1). Section 547 does not contemplate such a hypothetical creditor. Nor does the Trustee allege the existence of such an actual, competing creditor. *See also Moratzka v. Bill Simek Distrib., Inc. (In re Brinker)*, 12 B.R. 936, 938 (Bankr.D.Minn.1981) (even if debtor or garnishee might defeat the lien, they are not "creditors on a simple contract"). Neither does the Trustee introduce evidence that the Debtor or Garnishee were not liable on the Garnishor's claim. Accordingly, this argument by the Trustee must fail.

## CONCLUSION AND ORDER

The Court concludes that on the evidence presented, the transfer by post-judgment garnishment to Davenport Concrete may not be avoided pursuant to 11 U.S.C. § 547. The Trustee failed to establish that the relevant transfer occurred within the ninety-day preference period; therefore, the garnishment by Davenport Concrete may not be avoided pursuant to § 547.

Accordingly, Judgment should enter for the Defendant dismissing the Complaint.

IT IS SO ORDERED.