BOYER AND BARNES, Appellees, v. A. W. HAWKINS *et al.*, Defendants, and W. S. MARTIN, *Ex'r*, Garnishee, Appellant.

1. **Garnishment:** DELAY IN TAKING ANSWER OF GARNISHEE: DISCHARGE. A garnishee is not entitled to a discharge on motion because of the failure of the garnishing creditor to have his answer taken within a year after notice of garnishment, where it appears that the garnishee has not been prejudiced by reason of the delay, and that he might have applied to the court at any time to have his answer taken, but omitted to do so.

2. ———: EXECUTOR SUBJECT TO, BEFORE FINAL ORDER OF DISTRIBUTION. Under the provisions of section 2976 of the Code, an executor is subject to garnishment, in respect to a legacy due an attachment or judgment debtor, before a final order is made for the distribution of the estate.

*Appeal from Mahaska District Court.* — HON. A. R. DEWEY, Judge.

SATURDAY, MAY 28, 1892.

W. S. MARTIN, executor of the estate of D. V. Coryell, deceased, was garnished as a supposed debtor of the defendants, and, having answered, issue was taken upon the answer, and on the hearing judgment was rendered against the garnishee, and he was ordered to pay into court the sum of seven hundred and sixty-six dollars and seventy cents and seventeen dollars and eighty-eight cents costs in satisfaction of the judgment against the defendant, Elizabeth Hawkins. From this judgment the garnishee appeals. — *Affirmed.*

*Haskell & Greer*, for appellant.

*J. F. & W. R. Lacey*, for appellees.

GIVEN, J.—I. Mr. Martin was served with notice of garnishment on the eleventh day of September, 1888, to appear on the first day of the next term, October 2, 1888. He appeared at the time required, but, his answer not being taken, and nothing further done towards taking the same, he filed his motion on October 1, 1889, to be discharged because of the failure to take his answer, by reason of which he was prevented from making final settlements as executor. This motion was overruled, and his answer taken on November 4, 1889. The appellant complains of the overruling of this motion, and contends that by reason of the neglect to take his answer he should have been discharged. It was sought by the garnishment to reach moneys in the hand of the garnishee coming to the defendant Elizabeth Hawkins under the provisions of the will of her father, D. V. Coryell, deceased, the amount of which could not be

<span>1. GARNISHMENT: delay in taking answer of garnishee: discharge.</span>

determined until the estate was settled and ready for distribution. While it is true the answer might have been taken and the cause continued for further proceeding until the amount was ascertained by the settlement of the estate, there was no prejudice to the appellant by failing to take his answer before he was ready to settle and distribute the estate. Another ready answer to this complaint is that the appellant could have applied to the court at any time, and had his answer taken if it were found proper to do so. There was no error in overruling the appellant's motion to be discharged.

II. The other errors assigned present the single question whether a legacy to a judgment or attachment

2. ——: executor subject to before final order of distribution.

debtor may be reached by garnishment process against the executor, issued and served before the final order of distribution. This subject will be found concisely presented, with ample citation of authorities, in 8 Am. and Eng. Encyclopedia of Law, 1137, under "Garnishment." The general rule is, that "an officer whose duties are prescribed and regulated by law cannot be garnished in respect to property held by him in his official capacity, unless expressly authorized by statute." This has been uniformly held to be the rule, even under statutes as broad as ours, authorizing the garnishment of any property not exempt from execution in the hands of any person. The current of authorities holds executors and administrators to be within this rule; but, when payment of the creditor's claim against the estate has been ordered, or when the estate has been fully administered upon, the officer's account settled, and an order for distribution made, the executor becomes personally liable for the payment, and he may be served with notice as a garnishee in his individual capacity. No order for distribution of this estate had been made, therefore our inquiry is whether the general

rule has been changed by statute. The provision of statute relied upon is found in section 2976 of the Code, which, after providing that sheriffs or constables may be garnished, contains the following: "And also an executor, for money due from the decedent to the defendant, may be garnished." "Garnishment statutes, being remedial in their nature, should be broadly construed for the advancement of the remedy, and may be given a retrospective operation, if vested rights will not thereby be impaired. But the remedy cannot be extended beyond the plain provisions of the statute, either to bring within its scope cases not contemplated in its enactment, or to supply defects in the method provided for its enforcement." 8 Am. and Eng. Encyclopedia of Law, 1104, under "Garnishment." An examination of the cases shows that in most of the states the tendency has been to broaden the scope of this remedy,—a tendency that is indicated in our own statute by the provisions for attaching a fund in court, (section 2977,) and rendering sheriffs and constables subject to be garnished. We have seen that under the general rule money or property in the hands of an executor could not be reached by garnishment process until there was an order for payment or distribution. It is clear, therefore, that the provision in section 2976 was intended to give the right to garnish the executor before such an order; in other words, it was to give the right to garnish an executor who, without such a provision, could not be garnished. He may be garnished "for money due from the decedent to the defendant." Under the rule for construing such statutes, and the tendency as to this remedy, we conclude that the legislative intent was to provide that the executor might be garnished as to a legacy or distributive share as well as for a debt due from the estate to the defendant.

It follows from this view that the judgment of the district court must be AFFIRMED.