In re Duane A. DENCKLAU and Lynn M. Dencklau, Debtors.

**Bankruptcy No. 92–31483XF.**

United States Bankruptcy Court, N.D. Iowa.

Aug. 17, 1993.

798

Charles A. Walker, Fort Dodge, IA, for debtors.

James H. Cossitt, Trustee, Ames, IA.

Stuart J. Cochrane, Fort Dodge, IA, for Iowa Credit.

Gregory Stoebe, Asst. Co. Atty., Humboldt, IA, for Humboldt Co. Sheriff.

## ORDER RE: MOTION FOR ORDER OF CONTEMPT

WILLIAM L. EDMONDS, Chief Judge.

The matter before the court is Duane A. Dencklau's motion for order of contempt against certain parties for violation of the automatic stay. Hearing was held January 21, 1993 in Fort Dodge, Iowa. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

### Findings of Fact

On August 6, 1992, Duane Dencklau and Lynn Dencklau filed their chapter 7 bankruptcy petition. At that time, Duane Dencklau's employer, Humboldt Sausage Co., was holding money garnished from his wages on behalf of creditor Iowa Credit. The garnishment was in effect pursuant to execution by the Humboldt County sheriff (SHERIFF).

On August 10, 1992, the Dencklaus' attorney notified the sheriff's office that the Dencklaus had filed a bankruptcy petition. The sheriff's civil deputy, Karen Andersen, immediately telephoned the Humboldt Sausage Co. and instructed it to stop the garnishment and forward any funds garnished to date to the sheriff's office.

On August 12, 1992, the sheriff's office received a check for $208.56 from the employer. The sheriff deducted $40.50 for his costs. The sheriff believed this deduction was authorized by Iowa statute. He submitted the balance of $168.06 to the Webster County Clerk of Court. Iowa Credit had obtained judgment in Webster County. The Humboldt County sheriff advised the Webster County clerk that the Dencklaus had filed bankruptcy, and that the clerk should hold the funds and wait for further instructions.

Iowa Credit received notice of the Dencklaus' bankruptcy petition on August 12, 1992. That same day, Iowa Credit telephoned the Humboldt County sheriff's office to confirm that the sheriff was aware of the filing.

The Webster County clerk presented an application to condemn funds to the magis-

trate who authorized disbursement of $168.06 on September 23, 1992. Iowa Credit received the money on September 30, 1992. Dencklau made demand on Iowa Credit for a return of the money. Iowa Credit believed it was liable only for return of the money actually received. Iowa Credit tendered the amount of $168.06 to Dencklau, but he did not accept the money. Dencklau demanded from Iowa Credit the remaining $40.50 which Iowa Credit refused to pay.

Dencklau claimed an exemption in his wages in his bankruptcy schedules. No one filed an objection to the exemption claim. The Dencklaus filed a motion to avoid Iowa Credit's judicial lien which impaired the exemption in the wages. On October 19, 1992, the court issued an order avoiding the lien.

### Discussion

■ Dencklau filed his motion for order of contempt against Patricia A. McLoud, Webster County Clerk of Court; Marvin J. Andersen, Humboldt County Sheriff, and Iowa Credit. Dencklau dismissed his claim against McLoud on January 19, 1993. Dencklau seeks a determination that the respondents are in civil contempt for violating the automatic stay. He asks for an award in the amount of the wages that were taken as well as attorney fees and a civil fine.

■ The court interprets the motion for order of contempt as a motion pursuant to 11 U.S.C. § 362(h) for sanctions for violation of the automatic stay. See *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 901–03 (Bankr.E.D.Pa.1987) (comparing civil contempt and remedy under § 362(h)). Section 362(h) provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A willful violation of the automatic stay occurs when an entity acts deliberately with knowledge of the bankruptcy petition.

*In re Knaus,* 889 F.2d 773, 775 (8th Cir. 1989).

■ Dencklau has not specified what subsection of section 362 he claims Iowa Credit has violated. Dencklau argues that Iowa Credit had an affirmative duty to restore Dencklau to the status quo by refunding the $40.50 deducted by the Humboldt County sheriff as well as the $168.06 Iowa Credit actually received. He argues that Iowa Credit's violation of the stay was in refusing to make Dencklau whole. Dencklau cites *In re Dungey*, 99 B.R. 814 (Bankr.S.D.Ohio 1989) for this proposition. The court in *Dungey* found that the creditor had an affirmative duty to stop garnishment proceedings and return funds it had received post-petition even though it had taken no affirmative collection action post-petition. In *Dungey,* the creditor's failure to return money it received from the garnishment was a continuation of a proceeding against the debtor in violation of § 362(a)(1). The creditor had an affirmative duty to restore the status quo without the debtor having to seek relief from the bankruptcy court. *Dungey*, 99 B.R. at 816. The case does not require that a creditor make the debtor whole for the actions of other parties in violation of the automatic stay.

Iowa Credit received notice of the bankruptcy on August 12. It immediately contacted the sheriff to ensure that the garnishment proceedings were stopped. The sheriff's office told Iowa Credit that it had "already taken care of" the matter. The garnished funds were sent to Iowa Credit without any action on its part. Iowa Credit tendered to Dencklau the full amount of money that it had received. Iowa Credit took affirmative steps to stop the garnishment proceeding and took no action to continue collection of its debt or to encourage anyone else to do so. The court concludes that, under these facts, Iowa Credit was not in violation of the automatic stay and did not have an affirmative duty to pay the $40.50 deducted by the Humboldt Co. sheriff. The motion for order of contempt will be denied as to Iowa Credit. Iowa Credit

will be liable only for return of $168.06 as previously tendered.

■■■ The sheriff's actions were in violation of the automatic stay. As of the commencement of the chapter 7 case, Dencklau had a property interest in the garnished funds in the hands of his employer. *Matter of Yetter*, 112 B.R. 301, 303 (Bankr.S.D.Iowa 1990) (debtor has interest in wages until order condemning funds entered). That interest became property of the bankruptcy estate. 11 U.S.C. § 541(a). By taking possession of the funds from the employer and by deducting his fees from those funds, the sheriff obtained possession of and exercised control over property of the estate in violation of 11 U.S.C. § 362(a)(3). The sheriff's argument that he merely put the funds back into the court system is without merit. Forwarding the funds to the Webster County clerk compounded the problem. This action allowed the funds to be condemned and returned to Iowa Credit, which was clearly in violation of the automatic stay. *Yetter*, 112 B.R. at 304.

The employer had an independent duty to turn over the funds to the trustee. 11 U.S.C. § 542(a). The sheriff could have simply notified the employer to stop the garnishment and recovered his costs by billing the creditor.

■■ The sheriff argues that the Bankruptcy Code allowed him to deduct reasonable fees from the funds. Section 543 of the Code provides that a custodian may obtain a reasonable compensation for expenses incurred by the custodian. 11 U.S.C. § 543(c). The court must approve the expenses after notice and a hearing, however, and the sheriff does not come within the definition of a custodian under 11 U.S.C. § 101(11).

■■ The sheriff's primary argument is that his actions were not a willful violation of the stay because he believed he was acting in compliance with the execution laws of the state of Iowa. Iowa Code § 639.35 provides:

Money attached by the sheriff, or coming into the sheriff's hands by virtue of the attachment, shall be paid, less the sheriff's costs, to the clerk. The clerk shall retain the money until directed otherwise by the court.

Iowa Rule of Civil Procedure 258 provides in pertinent part:

An officer receiving an execution ... shall sell sufficient property levied on and garnish sufficient funds, or property of sufficient value, to satisfy the execution, paying the proceeds, less the officer's own costs, to the clerk.

■■ The sheriff's actions were correct under Iowa law. However, the state statute and rule as applied in this situation are in direct conflict with bankruptcy law. Where state law is in conflict with federal bankruptcy law, the state law must give way. *Johnson v. First National Bank of Montevideo*, 719 F.2d 270, 273 (8th Cir. 1983), *cert. denied* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).

■■ The willfulness requirement of § 362(h) refers to deliberate conduct with knowledge of the bankruptcy filing. *Knaus*, 889 F.2d at 775. A willful violation of the automatic stay does not require a specific intent to violate a court order. *Aponte v. Aungst (In re Aponte)*, 82 B.R. 738, 742 (Bankr.E.D.Pa.1988), quoting *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 903 (Bankr.E.D.Pa.1987). Nor does it require a specific intent to violate the automatic stay. *Taborski v. United States*, 141 B.R. 959, 965–67 (N.D.Ill.1992) (adopting the standard applied in several circuits). A violation may be willful even if an entity believes the stay is not applicable to its conduct. See *In re McLaughlin*, 96 B.R. 554, 558–59 (Bankr.E.D.Pa.1989) (creditor may be liable for violation of the automatic stay even for "subjectively innocent" conduct). In *In re NWFX, Inc.*, 81 B.R. 500 (Bankr.W.D.Ark.1987), a creditor filed a complaint against the debtor to establish the amount of its loss. Although the creditor did not file the complaint with the intent to willfully violate the stay, the court awarded damages. The creditor had acted with knowledge of the bankruptcy filing.

The sheriff's conduct was in willful violation of the automatic stay. Dencklau's attorney notified the sheriff of the bankruptcy petition. The sheriff immediately called Dencklau's employer to tell it to stop the garnishment and forward the garnished funds to the sheriff's office. The sheriff not only had actual knowledge of the bankruptcy filing, but also some knowledge of the existence of the automatic stay. The sheriff knew the garnishment could not continue after the petition was filed. Although the sheriff believed he was acting in compliance with state law, his actions were taken deliberately with knowledge of the bankruptcy petition.

Dencklau is entitled to recover from the sheriff the amount of $40.50 as actual damages for violation of the stay. Iowa Credit will be liable for the return of the balance of $168.06 garnished from Dencklau's wages. Because Iowa Credit had tendered that amount before the motion for order of contempt was filed, Dencklau did not need to resort to the courts in order to enforce his automatic stay rights against Iowa Credit. Therefore, attorney fees will not be charged against Iowa Credit. See *McLaughlin,* 96 B.R. at 561. The court finds that Dencklau should recover $320.00, calculated at $80.00 per hour for four hours, for attorney fees necessary for enforcing Dencklau's rights under § 362 against the sheriff. Punitive damages are not appropriate because the sheriff was not involved in "egregious, intentional misconduct." *United States v. Ketelsen (In re Ketelsen),* 880 F.2d 990, 993 (8th Cir.1989).

## ORDER

IT IS ORDERED that Duane A. Dencklau's motion for order of contempt as to Iowa Credit is denied. Iowa Credit is liable for the return of $168.06 as previously tendered.

IT IS FURTHER ORDERED that the motion for order of contempt against Marvin J. Andersen, Humboldt County sheriff, is granted. Damages for violation of the automatic stay are awarded to Duane Dencklau pursuant to 11 U.S.C. § 362(h) in the amount of $360.50. Judgment shall enter accordingly.

SO ORDERED.