**Sharlene Marie SEE, Debtor.**

**No. 03–01975.**

United States Bankruptcy Court,
N.D. Iowa.

Oct. 28, 2003.

---

Yara El–Farhan Halloush, Cedar Rapids, IA, for Debtor.

## ORDER RE: DEBTOR'S APPLICATION FOR ORDER FOR RULE TO SHOW CAUSE

PAUL J. KILBURG, Chief Judge.

This matter came on for hearing on October 15, 2003 on Debtor's Application for Order for Rule to Show Cause. Attorney Yara El–Farhan Halloush appeared on behalf of Debtor Sharlene Marie See. Neither Creditor Blue Grass Savings Bank ("the Bank") nor its debt collector David Chyma appeared or filed a response to this application. After hearing Debtor's evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## STATEMENT OF THE CASE

Debtor seeks return of certain funds garnished from her wages and paid over to the Bank. Debtor also requests the Bank be sanctioned for violating the automatic stay, and seeks damages from the Bank under 11 U.S.C. § 362(h).

## FINDINGS OF FACT

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on May 20, 2003. Judgment was entered in Iowa District Court against Debtor and in favor of the Bank on February 19, 2003 in the amount of $5,000. The judgment was based on Debtor's failure to repay a loan from the Bank as required by the contract between the two parties. The Bank subsequently began garnishment of Debtor's wages in order to satisfy the judgment. The Bank employed Mr. Chyma of Credit/Collection Management to handle the judgment collection process. Debtor's wages were garnished from her employer on the following dates and in the following amounts:

| | |
|---|---|
| May 2, 2003 | $121.25 |
| May 9, 2003 | $106.46 |
| May 22, 2003 | $110.46 |
| May 29, 2003 | $108.83 |
| June 5, 2003 | $107.89 |

The $107.89 garnished on June 5 has been refunded to Debtor by her employer. On June 18, 2003, the Bank, in Iowa District Court, moved to have the garnished funds condemned and paid over to it. This motion was granted the same day, approximately one month after Debtor's bankruptcy petition was filed.

On July 2, 2003, Debtor's attorney sent the Bank a letter requesting that the Bank pay Debtor $447, the amount of all the garnished wages less the amount already

refunded by Debtor's employer. David Chyma of Credit/Collection Management responded to Debtor's correspondence via a letter on July 8 stating that he believed the garnished amounts were for pay periods ending on May 23. Mr. Chyma indicated he would recommend the release of amounts garnished for the period between May 20 and May 23. Although it is difficult to interpret Mr. Chyma's letter, it appears that he believed Debtor was entitled only to the garnished funds that accrued post-petition and the Bank was entitled to all the garnished funds accrued through May 19. Debtor's attorney sent another letter requesting payment of all monies garnished claiming them to be exempt property under Iowa Code Chapter 627. The Bank has not paid any of the garnished funds to Debtor. Neither the Bank nor Mr. Chyma have filed an appearance in this matter.

## CONCLUSIONS OF LAW FUNDS GARNISHED PRE-PETITION

■ The relevant portion of Iowa's general exemption statute states,

A debtor who is a resident of this state may hold exempt from execution the following property: ... In the event of a bankruptcy proceeding, the debtor's interest in accrued wages ... as of the date of filing of the petition in bankruptcy, not to exceed one thousand dollars in the aggregate.

Iowa Code § 627.6(9)(c)(2003).

■ The question posed is whether a debtor has an interest in garnished wages. Under Iowa law a debtor retains some interest in garnished funds until an order condemning the funds is entered by the Iowa District Court. *In re Yetter*, 112 B.R. 301, 303 (Bankr.S.D.Iowa 1990). "The order condemning the funds extinguishes any right or interest of the debtor

held in the funds." *In re Climer*, No. 97-01864, slip op. at 2 (Bankr.N.D.Iowa Nov. 26, 1997) (citing *Garton v. Garton*, 533 N.W.2d 828, 830 (Iowa 1995)). Until the condemnation order is entered, a debtor does in fact possess an interest in garnished monies. "Debtor has an equitable interest in raising defenses or exemptions until the funds are condemned." *Climer*, slip op. at 2.

Debtor had an interest in the garnished wages until a valid condemnation order was entered. Further, Debtor properly listed her interest in the garnished wages as of the date of filing as exempt property on the bankruptcy petition. The Bank did not object to the scheduling of the garnished funds as exempt property on Debtor's petition. The $227.71 garnished prior to the filing of the bankruptcy petition and properly scheduled as exempt property must be paid over to Debtor by the Bank.

## CREDITOR'S POST-PETITION ACTIONS

■ The Bank's filing of the application to condemn the garnished funds is a violation of the automatic stay under 11 U.S.C. § 362(a). *Yetter*, 112 B.R. at 304. Specifically, a creditor is prohibited from engaging in "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(5). Nor can a creditor enforce "a judgment obtained before the commencement of the case ..." *Id.* at § 362(a)(2). The Bank's conduct flagrantly violated both of these provisions of § 362(a). *Yetter*, 112 B.R. at 304 (holding that certain actions including the entry of the order of condemnation of the garnished funds and transfer of the funds to the creditor violated the automatic stay).

The Bank's garnishment of Debtor's wages post-petition and the condemnation of the garnished funds violated the automatic stay. The Bank was not entitled to receive the funds without relief from the automatic stay. It is required to pay over to Debtor all the monies that it received pursuant to the condemnation order, or $447, which includes the $227.71 of exempt wages garnished pre-petition.

## DAMAGES FOR VIOLATING THE AUTOMATIC STAY

A debtor injured by the "willful violation" of the automatic stay is entitled to "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, . . . punitive damages." 11 U.S.C. § 362(h). "A willful violation of the automatic stay occurs when an entity acts deliberately with knowledge of the bankruptcy petition." *In re Dencklau,* 158 B.R. 796, 799 (Bankr.N.D.Iowa 1993) (citing *In re Knaus,* 889 F.2d 773, 775 (8th Cir.1989)). In order to be willful the act need not violate a court order or be done with a specific intent to violate the automatic stay. *Dencklau,* 158 B.R. at 800.

The Bank was a scheduled creditor in Debtor's bankruptcy case, and received notice of the filing. The Bank's actions were willful beyond any doubt since it had knowledge of the bankruptcy. Debtor is entitled under § 362(h) to recover her actual damages, which includes lost wages and travel expenses to attend the hearing, and attorney fees incurred to pursue this action, in addition to the funds previously discussed.

The final issue is whether the Bank should pay punitive damages. The Eighth Circuit has held that "egregious, intentional misconduct on the violator's part is necessary to support a punitive damages award." *In re Ketelsen,* 880 F.2d 990, 992 (8th Cir.1989). This Court has repeatedly held that a creditor's refusal to remedy a wrongful action coupled with a failure to appear in the court proceeding against it will be found to warrant the levy of punitive damages. *See In re Alcock,* No. 02–3640, 2003 WL 22110446, slip op. at 3 (Bankr.N.D.Iowa Sept. 11, 2003); *In re Graves,* No. 02–04233, 2003 WL 21781968, slip op. at 2 (Bankr.N.D.Iowa July 29, 2003). This Court also considers the creditor's status as a sophisticated player in the credit industry when determining if punitive damages are appropriate. *Alcock,* slip op. at 3.

The Bank is a business enterprise, well versed in the rights and duties of borrowers and lenders. The Bank employs Mr. Chyma who works exclusively in the debt collection industry. Mr. Chyma's failure to stop the debt collection process upon learning of Debtor's bankruptcy is willful conduct. Mr. Chyma did respond once to Debtor's request for reimbursement with a letter, but no further action was taken. The Bank's and Mr. Chyma's failure to correct their violation of the Code and failure to appear or respond in this matter has caused delay and expense to Debtor. The Court finds these circumstances warrant the grant of punitive damages against the Bank.

**WHEREFORE,** Debtor's Application for Order for Rule to Show Cause against the Bank is GRANTED.

**FURTHER,** the Court finds that the Bank must reimburse Debtor for the funds taken that were properly claimed as exempt and that were taken in violation of the automatic stay in the amount of $447.

**FURTHER,** the Court finds that Debtor sustained additional actual damages consisting of lost wages and travel expenses in the amount of $174.16.

**FURTHER,** the Court finds Debtor incurred attorney fees in the amount of $1,109.63.

**FURTHER,** the Court finds that Debtor should be awarded punitive damages in the amount of $5,000.

**FURTHER,** judgment is entered in favor of Debtor Sharlene Marie See and against Blue Grass Savings Bank in the total amount of $6,730.79.

**FURTHER,** said judgment shall collect interest at the rate of 10% per annum from the date of entry of this judgment.

**FURTHER,** any Court costs associated with Debtor's pursuit of these sanctions are assessed to Blue Grass Savings Bank.