# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 04-6060EA

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Jacqueline P. L'Heureux, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | Appeal from the United States |
| Jacqueline P. L'Heureux, | * | Bankruptcy Court for the |
| | * | Eastern District of Arkansas |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Homecomings Financial Network, Inc., | * | |
| | * | |
| Defendant - Appellee. | * | |
| | * | |

Submitted: January 25, 2005
Filed: February 25, 2005

Before KRESSEL, Chief Judge, DREHER, and MAHONEY, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] dated October 12, 2004, dismissing an adversary proceeding in which the debtor alleged a violation of the automatic stay of 11 U.S.C. § 362 and asserted actual and punitive damages resulting from such violation. For the reasons stated below, we affirm.

## Jurisdiction

We have jurisdiction pursuant to 28 U.S.C. § 158(b) and (c) to hear this appeal of a final order issued by the bankruptcy court.

## Background

Plaintiff filed a voluntary Chapter 13 bankruptcy petition on August 20, 2001. On the petition date there was pending a foreclosure sale of the appellant's residence, scheduled for August 27, 2001. The sale had been scheduled by counsel for Homecomings Financial Network, a secured creditor with an interest in the residential real property of the debtor.

On August 21, 2001, counsel for appellant, by written facsimile, notified appellee Homecomings Financial Network, through its attorney, of the bankruptcy filing. On August 22, 2001, counsel for appellee e-mailed the auctioneer and sent a letter to the Circuit Clerk to cancel the sale.

Notice of the sale had been posted at the county courthouse in White County, Arkansas, prior to the bankruptcy petition date. Although appellant directly contacted the office of counsel for the appellee and requested that the notice be removed, it was not removed until the morning originally scheduled for the sale, August 27, 2001.

---

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

2

Appellant testified that on August 27, 2001, several members of the public came to her home to view the home prior to the scheduled sale, and she claims she became ill over that event. She also testified that one or more members of the public to whom she spoke on August 27, 2001, at her home specifically stated they saw the public notice hanging on the wall at the White County Courthouse.

The appellant filed a complaint containing, among others, paragraphs 7 through 30, which assert various factual matters, including matters totally unrelated to the failure of the appellee to cause the removal of the foreclosure notice on a timely basis. At trial, the bankruptcy court limited the issues to be tried to the alleged violation of the automatic stay as a result of the failure to timely remove the sale notice, and damages, if any, accruing therefrom.

The appellant testified and presented documentary evidence concerning the date of the bankruptcy filing, the contacts she had with counsel for appellee with regard to removal of the foreclosure notice, visits by individuals interested in bidding at the foreclosure sale, illnesses and emotional distress caused to her and her son as the result of the failure to remove the foreclosure notice, and the medical expenses incurred as a result of the illnesses and emotional distress.

At the close of appellant's case, appellee moved for dismissal on the basis that the failure to remove the foreclosure notice was not a violation of the automatic stay of 11 U.S.C. § 362(a) and that the debtor had failed to prove damages resulting from the failure to remove the foreclosure notice prior to the date originally scheduled for the sale. The bankruptcy judge granted the motion, and made findings of fact and conclusions of law orally in open court. He then entered a written order dismissing the complaint, from which this appeal has been taken.

## Standard of Review

We review the bankruptcy court's interpretation of the Bankruptcy Code de novo and its findings of fact for clear error. Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.), ___ F.3d ___, 2005 WL 310075, at *2 (8th Cir. Feb. 10, 2005); Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation), 318 B.R. 147, 150 (B.A.P. 8th Cir. 2004); Fed. R. Bankr. P. 8013.

Since the 1991 amendments to the Federal Rules of Civil Procedure, Rule 52(c) has subsumed the role formerly played by Rule 41. The advisory committee notes to Rule 41 state that "[a] motion to dismiss under Rule 41 on the ground that a plaintiff's evidence is legally insufficient should now be treated as a motion for judgment on partial findings as provided in Rule 52(c)." When a motion for judgment on partial findings is granted, the review of that decision focuses on whether the bankruptcy court's factual findings were clearly erroneous. Cepelak v. Sears (In re Sears), 246 B.R. 341, 345 (B.A.P. 8th Cir. 2000).

The Sears opinion also notes that two circuits, in unpublished opinions, have held that the grant or denial of a Rule 52(c) motion after the close of a plaintiff's case is discretionary with the trial court, based on the language of the rule. 246 B.R. at 346 n.6 (citing Caterpillar Fin'l Servs. Corp. v. Tincher (In re Tincher), 181 F.3d 104 (table), 1999 WL 266261, at *3 (6th Cir. Apr. 21, 1999) and Sovereign Partners v. Lascu (In re Sovereign Partners), 110 F.3d 70 (table), 1997 WL 160279, at *3-4 (9th Cir. Apr. 4, 1997)). A court may even render a judgment under Rule 52(c) sua sponte, without the defendant having moved for such, if the plaintiff fails to establish a prima facie case. In re Anthem Communities/RBG, L.L.C., 267 B.R. 867, 876-77 (Bankr. D. Colo. 2001) (citing Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 173 F.3d 845 (table), 1999 WL 132178 (2nd Cir. Mar. 9, 1999) (unpublished decision)).

4

The bankruptcy judge determined that the failure to remove the notice of sale, following the cancellation of the sale, for a few days after the petition date, was not a stay violation and even if it technically was a stay violation, it was not willful. Such a finding is a conclusion of law which we review de novo. We believe such a finding is a correct statement of the law. The automatic stay of 11 U.S.C. § 362(a) generally prohibits continuation of a judicial, administrative, or other action that commenced before the commencement of the case. Although nowhere in the complaint can the specific subsection of Section 362(a) which was allegedly violated be found, the most logical provision is Section 362(a)(1).[2]

There is case law to the effect that a non-debtor party involved in such action or proceeding, upon receiving notice of a bankruptcy filing, must take affirmative action to make certain that the proceeding is stopped. However, we have found no case law that requires the creditor in a foreclosure proceeding to remove a notice of sale which has been cancelled. The case law, including Knaus v. Concordia Lumber Co., Inc. (In re Knaus), 889 F.2d 773 (8th Cir. 1989) (creditor's failure to turn over

---

[2]That section states:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —
>
> > (1) the commencement of continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

5

assets seized prepetition violated automatic stay); <u>Johnson v. Credit Acceptance Corp.</u>, 165 F. Supp. 2d 923 (D. Minn. 2001) (creditor who engages in self-help repossession without relief from stay violates § 362); <u>In re Hampton</u>, 319 B.R. 163 (Bankr. E.D. Ark. 2005) (interference with debtor's use of vehicle post-petition constitutes exercise of control over estate property in violation of automatic stay); <u>In re See</u>, 301 B.R. 549 (Bankr. N.D. Iowa 2003) (post-petition garnishment violates automatic stay), concerns the obligation of the creditor to stop any and all activity which affects the debtor or property of the debtor, or which permits the continuation of the litigation concerning the collection of a prepetition debt. In this case, however, it is clear from the testimony of a witness from the office of counsel for the foreclosing creditor, a witness presented by the appellee, that upon receiving notice of the bankruptcy petition, the sale was cancelled, and, in fact, did not occur. The failure to remove the notice of sale is not similar to the actions or failure to act which the courts referred to above have found to involve violations of the automatic stay.

In the alternative, the bankruptcy judge found that even if there was an affirmative duty to remove the foreclosure notice, the debtor failed to prove damages directly related to such failure to remove the notice. Such a determination is a finding of fact which will not be set aside by an appellate court unless clearly erroneous. Emotional distress damages for automatic stay violations are available if the individual debtor puts on clear evidence establishing that significant harm occurred as a result of the violation. <u>Dawson v. Washington Mut. Bank (In re Dawson)</u>, 390 F.3d 1139, 1148-49 (9th Cir. 2004); <u>Jackson v. Dan Holiday Furniture, L.L.C. (In re Jackson)</u>, 309 B.R. 33 (Bankr. W.D. Mo. 2004). The evidence of illness, emotional distress and medical expenses is voluminous. However, the bankruptcy judge, in evaluating such evidence, determined that it was not related to the six-day delay in failing to remove the foreclosure notice. Such a finding is not clearly erroneous.

The granting of a motion to dismiss at the end of the plaintiff's case is procedurally authorized by Federal Rule of Civil Procedure 52 and incorporated into

6

Federal Rule of Bankruptcy Procedure 7052. Here, at the end of appellant's evidence, appellee orally moved for a judgment of dismissal. The court found that the plaintiff had been fully heard on the issue of whether there had been a violation of the automatic stay for failure to remove the foreclosure notice and on damages related thereto. Ruling on the motion, the court entered judgment against the appellant and supported such judgment both orally and in writing by findings of fact and conclusions of law. The procedure authorized by Rule 52 was properly followed.

## Conclusion

The bankruptcy judge correctly determined, as a matter of law, that the appellee had no affirmative duty to remove the foreclosure notice and that such failure to remove the notice was not a violation of the automatic stay. The bankruptcy judge further concluded as a fact that the damages asserted by the plaintiff did not result from the failure to remove the foreclosure notice. Such a finding of fact is not clearly erroneous.

Based upon the above findings, we affirm.

---