**In re Michael Elliott SMITH, Debtor.**

**Bankruptcy No. 94–02393–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 27, 1994.

Robert Branson, Orlando, FL, for debtor.

Ted Estes, Orlando, FL, for Lowe Enterprises and C.B. Lowe.

872

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the ·motion of the Debtor, Michael Elliott Smith for sanctions. Appearing were Robert Branson, attorney for the Debtor, Michael Elliott Smith, and Ted Estes, attorney for Lowe Enterprises and C.B. Lowe. Creditor, Lowe Enterprises and C.B. Lowe, individually, filed a Motion for Award of Attorneys' Fees and Costs which the Court has taken under consideration. After reviewing the pleadings, evidence, considering arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtor, Michael Elliott Smith filed for relief under Chapter 7 of the Bankruptcy Code on May 4, 1994. On July 20, 1994, creditor, C.B. Lowe ("Lowe"), sent a letter to the Debtor's employer, Westinghouse Electric Corporation, addressed to Mr. Larry B. Kincaid and copied to Messrs. Kermit R. Wescott and Michael H. Jordan, Chairman and CEO. The letter states,

I am a stockholder of Westinghouse Electric Corporation and I have a complaint against one of your employees, namely a Mr. M. Elliott Smith.

Mr. Smith signed a six month commercial lease with me on September 15, 1984. After a couple of months his business started to run in trouble. He became late in payments, in all he stuck me with over $3600 in unpaid rent, electricity bills (on [sic] my name as he could not get the bills in his name), extra room additions and various other expenses. He broke numerous scheduled meetings with me—then he declared bankruptcy.

His case No. is [sic] SO 94–1483 is quite revealing (you should read it). He not only stuck me, but according to the records he owes in excess of $250,000 to various banks, lending institutions, credit card organizations, etc. This creates a horrible image of Westinghouse in the Orlando area.

As a stockholder, I am surprised that he is still employed by my company.

Sincerely, C.B. Lowe.

The letter was wilfully written to the hierarchy of the Debtor's employer for the purpose of harassing and retaliating against the Debtor by attempting to seriously and effectively interfere with the Debtor's employment. The Debtor was required to explain his exercise and use of the Bankruptcy Code to his employer, and is fearful that Lowe's actions will impede his ability to obtain future promotions which would have otherwise been made available to him. Damages were sustained in the amount of $500.00. The Debtor's reasonable attorney fees and costs in this matter are $350.00.

### CONCLUSIONS OF LAW

■ Section 362 of the Bankruptcy Code provides that a filing of a bankruptcy petition operates as a stay of,

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

\* \* \* \* \* \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a). The legislative history of Section 362(a)(1) indicates the automatic stay as a fundamental debtor protection provided by the bankruptcy laws, ceases all harassment and all collection efforts, relieving the debtor of the financial pressures that drove him into bankruptcy. H.R.Rep. No. 595, 95th Cong., 1st Sess. 174–175 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Section 362(a)(1) interacts with Section 362(a)(6) to prevent harassment of the debtor with respect to prepetition claims. 124 Cong.Rec. H11092 (daily ed. Sept. 28, 1978); S17409 (daily ed. Oct. 6, 1978) (remarks of Rep. Edwards and Sen. DeConcini). The lan-

guage of Section 362(a)(6) is "very broad," *Morgan Guaranty Trust Co. v. American Sav. & Loan Assoc.,* 804 F.2d 1487, 1491 (9th Cir.1986), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987), and is designed to prevent creditor coercion and harassment of the debtor. *Id. See also* 2 COLLIER ON BANKRUPTCY, ¶ 362.05[6] at 362–44 (15th ed. 1988) (footnote omitted):

> Paragraph 6 is intended to prevent creditor harassment of the debtor in attempting to collect pre-petition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters to more formal judicial and administrative proceedings that are also stayed under paragraph (1).

*See also In re Sechuan City, Inc.,* 96 B.R. 37 (Bankr.E.D.Pa.1989).

■ The letter written by Lowe was a willful attempt to retaliate against and harass the Debtor. The legislative history of Sections 362(a)(1) and 362(a)(6) indicate that it was Congress's intent to protect debtors from all forms of harassment. This includes a creditor contacting a debtor's employer concerning an unpaid claim and suggesting his employment with the company be reconsidered. Lowe's letter controverts the Congressional intent of Section 362 to protect debtors from all harassment and was a willful violation of the automatic stay as provided by 11 U.S.C. § 362(h).

■ Accordingly, the Debtor's Motion for Sanctions is due to be granted and sanctions in the sum of $500.00, and Debtor's reasonable costs and attorney fees in the sum of $350.00 are due to be awarded. Lowe's Motion for Award of Attorneys' Fees and Costs is due to be denied.

### JUDGMENT ON MOTION FOR SANCTIONS

This case came on for hearing on September 14, 1994 on the Debtor's Motion for Sanctions. The Court, having heard argument of counsel, reviewing all evidence of record, and in conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that the relief sought in the Debtor, Michael Elliott Smith's Motion for Sanctions is **GRANTED;** it is further

**ORDERED, ADJUDGED and DECREED** judgment is entered in favor of Michael Elliott Smith against C.B. Lowe and Lowe Enterprises, jointly and severally in the sum of $500.00 as damages and sanctions together with $350.00 as the Debtor's reasonable costs and attorney fees for a total sum of $850.00, together with interest at the rate of ___ from the date of this judgment; it is further

**ORDERED, ADJUDGED and DECREED** that Lowe Enterprises and C.B. Lowe's Motion for Award of Attorneys' fees and Costs is **DENIED.**