**In re Terry E. DRAPER, Debtor.**

**Bankruptcy No. 97–08428–6J3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 27, 1999.

Barbara R. Joyner, Orlando, FL, for debtor.

Laurie K. Weatherford, Winter Park, FL, Chapter 13 Standing Trustee.

Amy E. Carrington, Plantaion, FL, David J. Stern, P.A. Hollywood, FL, for Creditor.

### ORDER GRANTING MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on March 9, 1999, on the Motion for Sanctions for Violation of the Automatic Stay (the "Motion") (Doc. No. 21) filed by the debtor, Terry E. Draper (the "Debtor"). In the Motion, the Debtor seeks sanctions against

his mortgage company, Capstead, Inc. ("Capstead"), for attempting to collect a pre-petition debt after confirmation of the Debtor's Chapter 13 Plan. After reviewing the pleadings and considering the argument of interested parties, the Motion is granted and sanctions in the amount of $1,020 are awarded.

*Bankruptcy.* The Debtor filed this Chapter 13 case without the assistance of an attorney on October 10, 1997. He listed three creditors including Capstead in his original schedules. Capstead financed the Debtor's home and holds the mortgage which encumbers the property. Capstead does not dispute that it had actual knowledge of the filing of this bankruptcy.

The Debtor promptly filed a Chapter 13 Plan which provides for regular monthly payments to Capstead as well as a complete cure of all arrears. The Debtor's Chapter 13 Plan was confirmed on August 18, 1998 (Doc. No. 20). The Debtor has timely made all required payments throughout the case.

*Statements by Capstead.* After the confirmation hearing, Capstead continued to send the Debtor monthly invoices soliciting additional payments from the Debtor. The statements listed the manner in which Capstead applied the payments received from the Chapter 13 Trustee and then included a section entitled: "Total Amount Due." The amount due often exceeded several thousand dollars. Capstead then directed the Debtor to make this payment of the "total amount due" using the bottom portion of each statement which was a detachable payment coupon. Each coupon listed the amount due and a due date. A return envelope was provided for the Debtor to use in returning the requested payment.

Each statement also included the following typewritten paragraph:

> Our records indicate that you filed bankruptcy, therefore, this statement is sent to you for information purposes only and does not alter or effect the terms of your bankruptcy proceedings. Please let us know if you wish us to discontinue sending you a monthly statement.

*Debtor's Attempt to Stop Monthly Statement.* Pursuant to the language in the statements, the Debtor made numerous calls to Capstead asking them to stop sending the monthly statements. However, the statements kept coming month after month. Eventually, the Debtor hired an attorney to enforce the automatic stay and to stop Capstead from continuing their collection efforts. Upon his retention, the Debtor's attorney also called Capstead and wrote one letter demanding that they stop sending the monthly statements to the Debtor. The letter was sent to the payment address listed on the statement and not to the address listed for other communications or to the attorney who previously had appeared in this Chapter 13 case on behalf of Capstead. However, both the Debtor and his attorney had made numerous verbal requests to Capstead employees for the statements to stop. Capstead refused to honor any of these requests.

*Motion for Sanctions.* When the statements kept coming, the Debtor's attorney eventually filed the Motion for Sanctions for Violation of the Automatic Stay seeking a finding that Capstead had acted in violation of Section 362 of the Bankruptcy Code and the award of sanctions and reasonable attorney's fees. The Debtor's attorney seeks attorney's fees of $1,020 for fees and costs associated with the Motion. The Debtor has suffered no actual damages.

The issue raised by the Motion is whether the monthly statements constitute a violation of the automatic stay or, instead, whether no violation occurred simply because Capstead put a paragraph in the invoice acknowledging the pendency of the bankruptcy proceedings. Capstead argues that the statements were sent for informational purposes only and not to collect a debt.

■ *Automatic Stay.* Section 362(a)(6) of the Bankruptcy Code[1] operates as an automatic stay prohibiting any act by a creditor "to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title". 11 U.S.C. § 362(a)(6) (1998). The legislative history indicates that the automatic stay is designed to stop all harassment and collection efforts by creditors, relieving the debtor of the very pressures which drove him into bankruptcy. *In re Smith,* 185 B.R. 871, 873 (Bankr.M.D.Fla.1994). Legislative history provides that:

> (t)he automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors ... Paragraph (6) prevents creditors from attempting in any way to collect a prepetition debt.

H.R.Rep. No. 595, 95th Cong. 1st Sess. 340, U.S.Code Cong. & Admin.News 1978, p. 5787. *See also In re Grau,* 172 B.R. 686, 690 (Bankr.S.D.Fla.1994). Circuit courts and bankruptcy courts alike have consistently held that the automatic stay should be interpreted broadly. *Morgan Guaranty Trust Co. v. American Savings and Loan Association,* 804 F.2d 1487, 1491 (9th Cir.1986), cert. denied 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987); *Matter of Hellums,* 772 F.2d 379, 381 (7th Cir.1985); *Divane v. A and C Electric Co., Inc.,* 193 B.R. 856, 858 (N.D.Ill.1996); *Grau,* 172 B.R. at 690; *In re Sechuan City, Inc.,* 96 B.R. 37, 40 (Bankr.E.D.Pa. 1989). Accordingly, several courts have held that the conduct prohibited by § 362(a)(6) ranges from such informal contact as telephone calls or letters to more formal contact such as judicial or administrative proceedings. *Smith,* 185 B.R. at 873; *Grau,* 172 B.R. at 690

■ In this case, Capstead continually sent invoices to the Debtor despite knowledge of the Debtor's bankruptcy. Capstead argues that the invoices were sent for informational purposes only and did not seek payment from the Debtor. However, Capstead's invoices set forth the amount of payments past due and asked the Debtor to remit this amount using an attached payment coupon and enclosed envelope. Capstead's actions clearly were geared toward collection of the debt which is prohibited by § 362(a)(6).

■ In its defense, Capstead points to the short paragraph contained in the invoice which indicates that because of the Debtor's bankruptcy, the invoice is being sent for informational purposes only. This self-serving statement does not obviate the fact that the invoice seeks payment from the Debtor. Any act taken by a creditor designed to collect a prepetition debt violates the stay if it amounts to pressure on the debtor to pay. *Sechuan City,* 96 B.R. at 41. *See also Divane,* 193 B.R. at 858.

Furthermore, Capstead's invoices indicated that the amount due exceeded several thousand dollars. Such a statement has the effect of harassing the Debtor despite the brief paragraph which Capstead relies on in its defense. Even though the Court is not aware of a case with the same or similar facts, several bankruptcy courts have found a violation of the automatic stay when the creditor did not plainly ask for payment from the debtor. *See e.g. Divane,* 193 B.R. at 859 (finding a violation of the automatic stay when the trustees of union employee benefit plan sent letters to debtor's employees informing them that their benefits would be suspended because of the debtor's delinquency); *Sechuan City,* 96 B.R. at 40 (finding a violation of the automatic stay when the lessor posted signs informing the debtor's customers of the bankruptcy case and asking them not to patronize the debtor). In each of these cases the courts found that the creditors'

---

1. Unless specified otherwise, all references to statutory sections refer to Title 11 of the United States Code.

actions were designed to place pressure on the debtor to pay the debt. Likewise, the invoices Capstead sent to the Debtor were designed to place pressure on the Debtor to pay Capstead. Indeed, Capstead could articulate no reason for it to send "informational" statements to the Debtor on a monthly basis. The only credible reason to send such invoices on a monthly basis is to try to collect payments from debtors protected by the automatic stay.

■ Capstead admittedly knew of the Debtor's bankruptcy and continued sending the Debtor invoices. Even after the Debtor and his counsel asked that such communication cease, Capstead continued to send the invoices. Despite the inclusion of the above referenced paragraph and Capstead's argument that the invoices were sent for informational purposes only, these invoices plainly sought payment of Capstead's prepetition debt from the Debtor outside of his bankruptcy case. As such, Capstead's actions violated the automatic stay under § 362(a)(6). If Capstead wishes to provide information to the debtors in bankruptcy cases, the statements should not request payment or enclose a payment coupon or a return envelope. The statement can do nothing more than provide necessary information.

■ *Conclusion.* Pursuant to the reasons stated above, the Motion is granted. Attorney fees in the amount of $1,020 are assessed against Capstead, Inc. and are to be paid to Debtor's attorney within 30 days of the entry of this order. Further, Capstead is directed to stop sending statements of the type involved in this contested matter to any debtor in any pending bankruptcy proceeding, including the Debtor in this case. Future violations of this direct prohibition will result in additional sanctions and possibly the award of punitive damages. A separate judgment consistent with this order shall be entered.