**In re Kevin L. HROMIDKO and Karri J. Hromidko, Debtors.**

**No. 03–03544.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 21, 2003.

Kevin D. Ahrenholz, Waterloo, IA, for Debtor.

## ORDER RE MOTION FOR SANCTIONS

PAUL J. KILBURG, Chief Judge.

On November 3, 2003, the above-captioned matter came on for hearing pursuant to assignment. Debtor Karri J. Hromidko appeared with Attorney Keven Ahrenholz. The matter before the Court

is Debtor's Motion for Sanctions against Creditor Bank One and its collection agent Stanley Weinberg & Associates ("Weinberg") for alleged violations of the automatic stay pursuant to 11 U.S.C. § 362(a)(6) and § 362(h). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

## FINDINGS OF FACT

Debtors filed a voluntary Chapter 7 petition on September 15, 2003. Bank One, formerly known as First USA Bank, is a creditor holding an unsecured nonpriority claim. Debtors' Schedule F lists First USA Bank, NA as a creditor. Notices in the bankruptcy case were served by the Clerk of the United States Bankruptcy Court on this creditor at P.O. Box 94014, Palatine, IL 60094–4014. Stanley Weinberg & Associates, 1200 Roosevelt Road, Suite 201, Glen Ellyn, IL 60137, is a collection agent for Bank One. Debtor served Bank One and Weinberg with copies of the Motion for Sanctions and the notice of hearing by mail at these addresses.

The evidence establishes that Weinberg contacted Debtor Karri Hromidko's employer, Michael Zmoos, D.C., of Zmoos Chiropractic Center, postpetition. An agent of Weinberg called Dr. Zmoos at his home phone number twice on the weekend of September 20, 2003. Weinberg also called Dr. Zmoos' home phone number on Monday, September 22. During these calls, Weinberg threatened both Dr. Zmoos and his wife with joint and several liability on Debtor's Bank One credit card account. The Weinberg agent told Dr. Zmoos that Debtor's credit card balance was $5,000. Weinberg also sent a letter dated September 22, 2003 to Debtor Karri Hromidko at Dr. Zmoos' home address, setting out the account number of the credit card and the balance due of $5,036.63. Debtor's Exhibit 1.

On Monday, September 22, Dr. Zmoos called Debtor into his office to discuss the phone calls he received over the weekend. Debtor testified that Dr. Zmoos was very unhappy with her. She explained to him that she was going through a divorce and filed a bankruptcy petition. This is the first Debtor's employer knew of the bankruptcy case as Debtor had not intended to tell him about it. Debtor explained to Dr. Zmoos that the credit card account was her personal account, not a business account.

After Dr. Zmoos asked Debtor to explain the calls he received about the credit card, he gave Debtor an "Inner Office Memo" which he explained would go in her personal employment file. Debtor's Exhibit 2. He made clear that he did not appreciate receiving the phone calls. The memo states that Debtor was not able to open a business credit card and had no authority when making decisions that affect the business. Debtor testified that her employer is still unhappy about the calls made to his home and the threats that he or his business would be responsible for Debtor's credit card debt.

Debtor's Exhibit 3 is a copy of Debtor's application for the Bank One credit card. Debtor signed the application as an individual. She lists her individual social security number and date of birth. Zmoos Chiropractic is listed as Debtor's present employer with its phone number. Nothing on the application indicates Debtor intended or attempted to open a business credit card account.

Debtor argues Bank One and Weinberg violated the automatic stay under § 362(a) by attempting to collect the debt through communications with a third party, i.e. her employer, by miscommunicating the nature of the debt to Dr. Zmoos as a joint and several obligation, and by stating that Debtor had applied for and received a

business credit card account. Debtor asserts these activities constitute violations of the Fair Debt Collections Practices Act as well as slander. Debtor also argues the effect of these actions by Bank One and Weinberg was to put pressure on Debtor by contacting her employer. Further, her good image at work is now tainted and the creditors caused emotional and psychological harm in her employment relationship. Debtor requests actual damages of $5,000, plus punitive damages of an appropriate amount, and attorney fees of $593.75. Debtor's Exhibit 4.

## CONCLUSIONS OF LAW

The filing of a bankruptcy petition imposes the automatic stay pursuant to § 362 which prohibits any entity from taking action "to collect, assess, or recover a claim against the debtor that arose before the commencement of a case." 11 U.S.C. § 362(a)(6). The scope of the automatic stay is extremely broad. *In re Knaus*, 889 F.2d 773, 774 (8th Cir.1989). By the passage of § 362, Congress intended the automatic stay to stop "all collection efforts, all harassment, and all foreclosure actions" and "prevent creditors from attempting in any way to collect a prepetition debt." H.R. 595, 95th Cong., 1st Sess. § 340–42 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6298; *In re Grau*, 172 B.R. 686, 690 (Bankr.S.D.Fla.1994).

Contacting a debtor's employer to institute a wage assignment was found to be a violation of § 362(a) in *In re Steenstra*, 280 B.R. 560, 568 (Bankr.D.Mass.2002). In *In re Smith*, 185 B.R. 871, 873 (Bankr. M.D.Fla.1994), a creditor contacted a debtor's employer concerning an unpaid claim, suggesting his employment be reconsidered. The court found this to be a willful attempt to retaliate against and harass the debtor and awarded damages under § 362(h). *Id.*

Section 362(h) addresses sanctions for the violation of the automatic stay. It provides that:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h). A violation of the stay is "willful" where the violator's conduct is deliberate and with knowledge of the bankruptcy filing. *In re Dencklau*, 158 B.R. 796, 800 (Bankr.N.D.Iowa 1993). In imposing actual damages, the trial court has discretion to fashion the punishment to fit the circumstances. *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 782 (8th Cir. 1987) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884 (1947)). Egregious, intentional misconduct by a creditor violating the automatic stay will support a punitive damages award. *In re Ketelsen*, 880 F.2d 990, 992 (8th Cir.1989). The creditor's status as a sophisticated player in the credit industry can be relevant when considering whether to award punitive damages under § 362(h). *In re Alcock*, No. 02–3640, 2003 WL 22110446, slip op. at 3 (Bankr.N.D.Iowa Sept. 11, 2003).

## ANALYSIS

Neither Bank One nor Weinberg appeared at the hearing. Notice of the hearing and of Debtor's Motion were mailed to Bank One at the First USA Bank address in Palatine, IL and to Weinberg at the return address on its letterhead as received at Dr. Zmoos' home address. Likewise, notice of commencement of Debtor's bankruptcy case was mailed to Bank One as First USA Bank in Palatine, IL. None of these notices were returned undeliverable.

■ Bank One was given notice of Debtor's bankruptcy case prior to Weinberg's contacts with Debtor's employer. Weinberg was acting as agent for Bank One, as acknowledged in the September 22 letter sent to Dr. Zmoos' home address. Imputing Bank One's knowledge of the bankruptcy case to Weinberg, its contacts with Debtor's employer were willful under § 362(h). Its actions were deliberate and with knowledge of Debtor's bankruptcy case.

■ Bank One, formerly First USA, is a well-known participant in the credit card industry. Weinberg identifies itself as a debt collector and agent for Bank One. As noted by Debtor, the Fair Debt Collection Practices Acts prohibits contact by creditors with third parties in attempts to collect debts. *See* 15 U.S.C. 1692c(b); Iowa Code § 537.7103(3)(a). Both Bank One and Weinberg are the type of entities subject to the FDCPA and should be familiar with these prohibitions.

The Court believes the contacts made by Weinberg in this case are especially egregious. Weinberg contacted a third party, Debtor's employer. It misrepresented Dr. Zmoos' liability on Debtor's credit card account, as well as that of his wife. Weinberg further insinuated that Debtor had and was using a credit card she got under false pretenses as a business account. In these circumstances, the Court finds substantial actual damages occurred in Debtor's employment relationship and punitive damages are appropriate.

**WHEREFORE,** Debtor's Motion for Sanctions for Violation of § 362(a) Automatic Stay is GRANTED.

**FURTHER,** the Court finds that Debtor has established that Bank One and its agent Stanley Weinberg & Associates willfully violated the automatic stay, § 362(a)(6), and are therefore subject to sanctions pursuant to § 362(h).

**FURTHER,** the Court finds that Debtor Karri Hromidko has sustained actual damages in the amount of $5,000.

**FURTHER,** the Court finds that Debtor should be awarded punitive damages in the amount of $5,000.

■ **FURTHER,** Debtor is also awarded attorney's fees in the amount of $593.75.

**FURTHER,** judgment is entered in favor of Debtor Karri J. Hromidko and against Bank One and Stanley Weinberg & Associates jointly in the total amount of $10,593.75.

**FURTHER,** said judgment shall collect interest at the rate of 10% per annum from the date of entry of this judgment.

**FURTHER,** any court costs associated with Debtor's pursuit of these sanctions are assessed against Bank One and Stanley Weinberg & Associates jointly.